UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-CV-62713

ALBERTO VENEREO,

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY GROUP, LLC, and INPHYNET SOUTH BROWARD, LLC,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**<u>INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff ALBERTO VENEREO ("Plaintiff") sues Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC and Defendant INPHYNET SOUTH BROWARD, LLC (collectively, the "Defendants") for violations of 15 U.S.C §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**<u>JURISDICTION AND VENUE</u>**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

## **PARTIES**

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant INPHYNET SOUTH BROWARD, LLC, is Florida limited liability company, with its principal place of business located in Tamarac, Florida.

6. Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC ("HRRG") is Florida limited liability company, with its principal place of business located in Sunrise Florida.

7. HRRG engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

8. At all times material, HRRG was acting as a debt collector in respect to the collection of Plaintiff's debts.

## **DEMAND FOR JURY TRIAL**

9. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## **FACTUAL ALLEGATIONS**

10. On or about February 23, 2018, Plaintiff suffered a work-related injury that required medical treatment and/or services (the "Medical Services").

11. A portion of the required Medical Services were provided by Defendant INPHYNET SOUTH BROWARD, LLC (the "Creditor").

12. At the time the Creditor provided and/or rendered its (the Creditor's) respective Medical Services to Plaintiff, Plaintiff informed the Creditor that injury for which Plaintiff required medical treatment and/or services, *i.e.*, the Medical Services, was the above-mentioned work-related injury suffered by Plaintiff.

13. The Creditor charged a fee for the provision of its (the Creditor's) respective Medical Services (the "Consumer Debt").

14. The Consumer Debt arose from Plaintiff's work-place injury.

15. On a date better known by HRRG, HRRG began attempting to collect the Consumer Debt from Plaintiff.

16. HRRG is a business entity engaged in the business of soliciting consumer debts for collection.

17. HRRG is a business entity engaged in the business of collecting consumer debts.

18. HRRG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19. HRRG is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

20. HRRG's "Consumer Collection Agency" license number is CCA0900844.

21. HRRG maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

22. The records specified by Rule 69V-180.080, Florida Administrative Code, of which HRRG does maintain, are current to within one week of the current date.

23. On a date better known to HRRG, HRRG sent a collection letter, internally dated October 30, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

24. The Collection Letter is a communication from HRRG to Plaintiff in connection with the collection of a debt.

25. The Collection Letter represents an action to collect a debt by HRRG.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e & § 1692e(2)(A)**
(*against HRRG*)

26. Plaintiff incorporates by reference paragraphs 1-25 of this Complaint as though fully stated herein.

27. Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

28. Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

29. An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

30. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. 1692e(2)(A). (emphasis added).

31. As stated above, HRRG mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter, however, causes the least sophisticated consumer to believe that he or she is otherwise responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

rendered by the Creditor, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

32. As such, by mailing the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt, HRRG falsely misrepresented Plaintiff's obligation with respect to the Consumer Debt. For example, by and through the Collection Letter, HRRG wrongfully causes the least sophisticated consumer to falsely believe that he or she was responsible for the repayment of the Consumer Debt.

33. Thus, in light of the above, HRRG violated § 1692e and § 1692e(2)(A) of the FDCPA by mailing the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt.

34. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against HRRG, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. §1692k;

(b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(c) Any other relief that this Court deems appropriate under the circumstances.

### *COUNT II.*
### **VIOLATION OF FLA. STAT. § 559.72(9)**
(*against HRRG*)

35. Plaintiff incorporates by reference paragraphs 1-25 of this Complaint as though fully stated herein.

36. Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

37. Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this

chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

38. An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

39. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

40. Here, HRRG knew that the Consumer Debt was the result of a work-place injury sustained by Plaintiff. Moreover, HRRG knew the Creditor could not collect or receive a fee from an injured employee within the state of Florida except as otherwise explicitly permitted by Florida statute, and HRRG knew that an employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment.

41. Despite knowing that the Creditor did not have any entitlement or authority to collect the Consumer Debt from Plaintiff directly, HRRG mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Thus, in light of the above, HRRG violated § 559.72(9) of the FCCPA by mailing the Collection Letter to Plaintiff.

42. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against HRRG, awarding Plaintiff the following relief:

    (a)    Statutory damages as provided under Fla. Stat. §559.77(2);

    (b)    An injunction prohibiting HRRG from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(c)  Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(d)  Any other relief that this Court deems appropriate under the circumstances.

### *COUNT III.*
### **VIOLATION OF FLA. STAT. § 559.72(5)**
(*against the Creditor*)

43. Plaintiff incorporates by reference paragraphs 1-25 of this Complaint as though fully stated herein.

44. Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

45. Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

46. An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

47. Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*" Fla Stat. § 559.72(5) (emphasis added).

48. As stated above, the Consumer Debt is the result of a work-place injury sustained by Plaintiff. The Creditor knew that Plaintiff's injury was the result of a work-place injury, as such

information as relayed to the Creditor at the time the Creditor provided and/or rendered its (the Creditor's) respective Medical Services to Plaintiff. As such, Creditor knew that it (the Creditor) could not collect or receive a fee from an injured employee within the state of Florida, and the Creditor knew that an employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment.

49. Despite knowing that it (the Creditor) did not have any entitlement or authority to collect the Consumer Debt from Plaintiff, the Creditor, nevertheless, referred the collection of the Consumer Debt to HRRG. In so doing, the Creditor knowingly disclosed to HRRG information affecting Plaintiff's reputation that HRRG did not have a *legitimate* business need for and/or information that was false.

50. Thus, in light of the above, the Creditor violated § 559.72(5) of the FCCPA by referring the collection of the Consumer Debt to HRRG for collection.

51. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against the Creditor, awarding Plaintiff the following relief:

  (a) Statutory damages as provided under Fla. Stat. §559.77(2);

  (b) An injunction prohibiting the Creditor from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

  (c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

  (d) Any other relief that this Court deems appropriate under the circumstances.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: October 31, 2019

                                                    Respectfully Submitted,

                                                    /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:      954-907-1136
Fax:          855-529-9540

**PAUL A. HERMAN, ESQ.**
Florida Bar No.: 405175
E-mail: paul@consumeradvocatelaw.com
CONSUMER ADVOCATES LAW GROUP, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
Phone:      (561) 236-8851
Fax:          (561) 431-2352

**JOEL A. BROWN, ESQ.**
Florida Bar No.: 66575
E-mail: joel.brown@friedmanandbrown.com
FRIEDMAN & BROWN, LLC
3323 NW 55th Street
Fort Lauderdale, Florida 33309
Phone:      (954) 966-0111

*COUNSEL FOR PLAINTIFF*