UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:19-cv-62713-SMITH

ALBERTO VENEREO,

    Plaintiff,

v.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC, and
INPHYNET SOUTH BROWARD,
LLC.

    Defendant.
_____/

**DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC'S, UNOPPOSED MOTION FOR LEAVE TO FILE ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT OUT OF TIME**

COMES NOW the Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC ("HRRG" or "Defendant"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b) hereby submits its unopposed Motion for leave to file its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint **[DE 13]** out of time, and in support thereof state as follows:

1. Plaintiff filed its First Amended Complaint **[DE 13]** on December 31, 2019 asserting claims against Defendant HRRG under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. and Florida's Consumer Collection Practices Act ("FCCPA"), section 559.72, et seq., Fla. Stat.

2. Pursuant to Federal Rule of Civil Procedure 15(a)(3), HRRG's response to

Plaintiff's amended complaint was due on or before Tuesday, January 14, 2020.

3.      Due to inadvertent clerical error, the deadline to file the response was not properly calendared.  As a result, counsel for HRRG did not timely file its response.  Undersigned counsel immediately prepared this Motion upon discovering the error.

WHEREFORE, Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC, respectfully requests that this Court grant its Motion and enter an order permitting it to file the Answer and Affirmative Defenses to Plaintiff's First Amended Complaint **[DE 13]**, attached hereto as Exhibit 1, out of time.

### MEMORANDUM OF LAW

Federal Rule of Civil Procedure 6(b)(1) states, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

In determining whether a party has satisfied the standard for excusable neglect, courts in this Circuit review the factors identified in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993).  Fisher v. Office of the State Att'y 13th Judicial Cir. Fla., 162 F. App'x 937, 940 (11th Cir. 2006) (unpublished); see also Sweetwater Inv'rs, LLC v. Sweetwater Apartments Loan, No. 1:10-CV-223-WKW [WO], 2011 U.S. Dist. LEXIS 44864, at *6 (M.D. Ala. Apr. 25, 2011) (applying Pioneer to analyze excusable neglect under Fed. R. Civ. P. 6(b)).  The Eleventh Circuit has explained the analysis as follows:

> Whether neglect is excusable is an equitable determination "taking account of all relevant circumstances surrounding the party's omission." [Pioneer,] 507 U.S. 380 at 395. These circumstances include the danger of prejudice to the opposing party, "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. We [have] recognized that Pioneer "accorded primary importance to the absence of prejudice . . . and to the interest of efficient judicial administration."

Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996). Fisher v. Office of the State Atty. 13th Judicial Circuit Fla., 162 F. App'x 937, 940 (11th Cir. 2006).  Each of these factors weighs in favor of granting HRRG the requested relief.

First, Plaintiff will not be prejudiced if HRRG is permitted to respond to the amended complaint.  The allegations in the amended pleading are the same as raised and responded to initially.  Therefore, Plaintiff will not be unfairly surprised or otherwise prejudiced by the delayed response to the amended complaint.  Indeed, counsel for Plaintiff does not object to the filing.  Moreover, counsel for the parties have already conferred regarding the claims and defenses as part of the mandatory scheduling conference.  HRRG also notes that the response is only briefly delayed.

Second, permitting the filing would permit efficient judicial administration.  HRRG filed this Motion only two days after the deadline.  See Pioneer, 507 U.S. at (affirming the decision to permit a 20-day delay in filing); Sweetwater Inv'rs, LLC v. Sweetwater Apartments Loan, No. 1:10-CV-223-WKW [WO], 2011 U.S. Dist. LEXIS 44864, at *15 (M.D. Ala. Apr. 25, 2011) (permitting a three-month delay in filing).  Permitting HRRG to file a late response will not delay the proceedings as it will not negatively impact discovery or otherwise affect the remaining trial deadlines.

The determination regarding excusable neglect is an equitable determination. Fisher v. Office of the State Atty. 13th Judicial Circuit Fla., 162 F. App'x 937, 940 (11th Cir. 2006). Equity favors providing HRRG with an opportunity to respond to the claims on the merits, especially where the filing is only briefly delayed and resulted from a calendaring error.  "The rules favor parties to a case having their day in court. Resolving cases on their merits is preferred." Edwards v. Fla. Dep't of Corr., No. 1:15cv17-MW/GRJ, 2016 U.S. Dist. LEXIS 91792, at *1-2 (N.D. Fla.

3

Jan. 28, 2016).  Counsel for HRRG submits that the circumstances do not demonstrate "the sort of culpable and willful misconduct that warrants the denial of a motion for leave to file an out-of-time answer."  Padgett v. Bitz, No. 17-14099-Civ-ROSENBERG, 2018 U.S. Dist. LEXIS 42789, at *10 (S.D. Fla. Mar. 14, 2018).  Rather, HRRG acted to remedy the inadvertent error immediately upon discovery.  See id. at *10-11 (granting leave to file answer out of time upon determining that defendants acted immediately upon discovering the error).

Third, courts applying Pioneer have found an inadvertent calendaring error to constitute excusable neglect.  Id. at 15-16.  In Sweetwater Inv'rs, LLC v. Sweetwater Apartments Loan, No. 1:10-CV-223-WKW [WO], 2011 U.S. Dist. LEXIS 44864, at *15 (M.D. Ala. Apr. 25, 2011), the court accepted the attorneys' assertion that they had "inadvertently failed to calendar the fourteen (14) day deadline due to an oversight and w[ere] unaware that the deadline had passed until Plaintiff filed its Motion[,]" to constitute excusable neglect.  Id.  In making this ruling, it cited two Eleventh Circuit opinions finding that clerical error or failure to record a deadline can constitute excusable neglect.  Id. at *16 (citing Walter v. Blue Cross & Blue Shield United of Wis., 181 F.3d 1198, 1202 (11th Cir. 1999) (finding excusable neglect and that the reason for the delay – "the failure of a former secretary of [the movant's] attorney to record the applicable deadline" – was "the type of 'innocent oversight' involved in Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996)); Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 999 (11th Cir. 1997) (explaining that when there is a "mistake of fact," such in Cheney, which was a "miscommunication case or clerical-error case," the neglect can be excusable).  The Eleventh Circuit has also found that a party who failed to explain the reason for the delay demonstrated excusable neglect through the remaining Pioneer factors.  Fisher v. Office of the State Atty. 13th Judicial Circuit Fla., 162 F. App'x 937, 940 (11th Cir. 2006).

4

The final factor of good faith is also met here. The Supreme Court stated in Pioneer that neglect encompasses "inadvertence, mistake, or carelessness. . . ."; whether the neglect is excusable "is an equitable determination 'taking account of all relevant circumstances surrounding the party's omission.'" Id. (quoting Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993)). As explained, the failure to file the document was inadvertent. The deadline was only missed because it was not properly calendared; accordingly, counsel was unaware of the deadline. Undersigned counsel acted to prepare and file this Motion within hours of realizing the error and only two days after the original deadline. The deadline was not deliberately disregarded or ignored in an attempt to gain some advantage. See Cheney, 71 F.3d at 850 (finding it relevant that there was no indication of an intention to disregard the deadline, delay trial, or gain an advantage).

For the foregoing reasons, Defendant respectfully requests that the Court find that HRRG has demonstrated excusable neglect and grant its request to file its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint **[DE 13]**, attached hereto as Exhibit 1, out of time.

WHEREFORE, Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC, respectfully requests that this Court grant its Motion and enter an order permitting it to file the Answer and Affirmative Defenses to Plaintiff's First Amended Complaint **[DE 13]**, attached hereto as Exhibit 1, out of time.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

Pursuant to Local Rule 7.1(a)(3), on January 16, 2020, undersigned counsel conferred with counsel for all parties, who advised that they DO NOT OPPOSE the requested relief.

Dated **January 16, 2020**.

Respectfully submitted,

*/s/ Rachel M. Ortiz*
Ernest H. Kohlmyer, III
Florida Bar No.: 110108
SKohlmyer@Shepardfirm.com
Rachel M. Ortiz
Florida Bar No. 083842
rortiz@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Phone: (407) 622-1772
Fax: (407) 622-1884
*Attorneys for Defendant,*
*Healthcare Revenue Recovery Group, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **January 16, 2019** via the Court's CM/ECF service, which will provide notice to the following attorneys of record: Jibrael S. Hindi, Esq. and Thomas J. Patti, Esq. of The Law Offices of Jibrael S. Hindi at jibrael@jibraellaw.com and tom@jibraellaw.com; Scott D. Owens, Esquire of Scott D. Owens, P.A. at scott@scottdowens.com and Joel A. Brown, Esquire of The Fair Credit Law Group at joelb@fclawgroup.com *(Attorneys for Plaintiff).*

> */s/ Rachel M. Ortiz*
> Ernest H. Kohlmyer, III
> Florida Bar No.: 0110108
> skohlmyer@shepardfirm.com
> Rachel M. Ortiz
> Florida Bar No. 083842
> rortiz@shepardfirm.com
> Shepard, Smith, Kohlmyer & Hand, P.A.
> 2300 Maitland Center Parkway, Suite 100
> Maitland, Florida 32751
> Telephone (407) 622-1772
> Facsimile (407) 622-1884
> *Attorneys for Defendant,*
> *Healthcare Revenue Recovery Group, LLC*