UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**CASE NO.: 0:19-cv-62713-SMITH**

ALBERTO VENEREO,

      Plaintiff,

v.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC, and
INPHYNET SOUTH BROWARD,
LLC,

      Defendants.
_____/

**DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC ("HRRG") by and through its undersigned counsel, and for its Answer to Plaintiff's First Amended Complaint [DE 13] states the following:

**JURISDICTION AND VENUE**

1. Admitted for purposes of jurisdiction and venue only; otherwise denied.

2. Admitted for purposes of jurisdiction and venue only; otherwise denied.

3. Admitted for purposes of venue only; otherwise denied.

**PARTIES**

4. Unknown at this time; therefore denied.

5. Admitted for purposes of jurisdiction and venue only; otherwise denied.

6. Admitted for purposes of jurisdiction and venue only; otherwise denied.

7. Admitted for purposes of jurisdiction and venue only; otherwise denied.

8. The allegations contained in the paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response from this Defendant is necessary. To the extent that the allegations are asserted directly or indirectly against Defendant HRRG, the paragraph is denied.

9. The allegations contained in the paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response from this Defendant is necessary. To the extent that the allegations are asserted directly or indirectly against Defendant HRRG, the paragraph is denied.

## **JURY DEMAND**

10. The Defendant demands trial by jury for any remaining issue following the determination of any dispositive motions.

## **FACTUAL ALLEGATIONS**

11. Unknown at this time; therefore denied; Defendant demands strict proof thereof.

12. Unknown at this time; therefore denied; Defendant demands strict proof thereof.

13. The allegations contained in the paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response from this Defendant is necessary. To the extent that the allegations are asserted directly or indirectly against Defendant HRRG, the paragraph is denied.

14. The allegations contained in the paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response from this Defendant is necessary. To the extent

that the allegations are asserted directly or indirectly against Defendant HRRG, the paragraph is denied.

       15.      Unknown at this time; therefore denied; Defendant demands strict proof thereof.

       16.      The allegations contained in the paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response from this Defendant is necessary. To the extent that the allegations are asserted directly or indirectly against Defendant HRRG, the paragraph is denied.

       17.      The allegations contained in the paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response from this Defendant is necessary. To the extent that the allegations are asserted directly or indirectly against Defendant HRRG, the paragraph is denied.

       18.      The allegations contained in the paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response from this Defendant is necessary. To the extent that the allegations are asserted directly or indirectly against Defendant HRRG, the paragraph is denied.

       19.      The allegations contained in the paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response from this Defendant is necessary. To the extent that the allegations are asserted directly or indirectly against Defendant HRRG, the paragraph is denied.

       20.      The allegations contained in the paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response from this Defendant is necessary. To the extent that the allegations are asserted directly or indirectly against Defendant HRRG, the paragraph is denied.

21. The allegation is admitted to the extent that the Defendant HRRG was retained to seek the payment of the alleged debt obligation claimed due to the creditor. Otherwise, the allegation is denied as unknown at this time; therefore denied; Defendant demands strict proof thereof.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. The allegation is admitted to the extent that the Defendant HRRG was retained to seek the payment of the alleged debt obligation claimed due to the creditor. Otherwise, the allegation is denied as unknown at this time; therefore denied; Defendant demands strict proof thereof.

30. The allegation is admitted to the extent that the Defendant HRRG was retained to seek the payment of the alleged debt obligation claimed due to the creditor. Otherwise, the allegation is denied as unknown at this time; therefore denied; Defendant demands strict proof thereof.

31. The allegation is admitted to the extent that the Defendant HRRG was retained to seek the payment of the alleged debt obligation claimed due to the creditor. Otherwise, the allegation is denied as unknown at this time; therefore denied; Defendant demands strict proof thereof.

## COUNT I:  FAIR DEBT COLLECTION PRACTICES ACT
### Section 1692e and Section 1692e(2)(A)
### *Defendant HRRG*

32. Defendant re-asserts and incorporates the responses to the allegations contained in Paragraphs 1 through 31 by reference; as if fully re-stated herein.

33. Admitted to the extent that the provisions of the Section 440.13(2)(a) are self-evident.  Otherwise, Defendant denies the applicability to the facts and circumstances at this time. Defendant.  Defendant demands strict proof thereof.

34. Admitted to the extent that the provisions of the Section 440.13(a) are self-evident.  Otherwise, Defendant denies the applicability to the facts and circumstances at this time. Defendant.  Defendant demands strict proof thereof.

35. Admitted to the extent that the provisions of the Section 440.13 are self-evident.  Otherwise, Defendant denies the applicability to the facts and circumstances at this time. Defendant.  Defendant demands strict proof thereof.

36. Admitted to the extent that the provisions of the Section 1692e are self-evident.  Otherwise, Defendant denies the applicability to the facts and circumstances at this time. Defendant.  Defendant demands strict proof thereof.

37. Denied; Defendant demands strict proof thereof.

38. Denied; Defendant demands strict proof thereof.

39. Denied; Defendant demands strict proof thereof.

40. Denied that Plaintiff is entitled to any relief; Defendant demands strict proof thereof.

## COUNT II:  FLORIDA'S CONSUMER COLLECTION PRACTICES ACT
### Section 559.72(9), Fla. Stat.
*Defendant HRRG*

41. Defendant re-asserts and incorporates the responses to the allegations contained in Paragraphs 1 through 31 by reference; as if fully re-stated herein.

42. Admitted to the extent that the provisions of the Section 440.13(2)(a) are self-evident.  Otherwise, Defendant denies the applicability to the facts and circumstances at this time. Defendant.  Defendant demands strict proof thereof.

43. Admitted to the extent that the provisions of the Section 440.13(13)(a) are self-evident.  Otherwise, Defendant denies the applicability to the facts and circumstances at this time. Defendant.  Defendant demands strict proof thereof.

44. Admitted to the extent that the provisions of the Section 440.13 are self-evident. Otherwise, Defendant denies the applicability to the facts and circumstances at this time. Defendant.  Defendant demands strict proof thereof.

45. Admitted to the extent that the provisions of the Section 559.72(9) are self-evident.  Otherwise, Defendant denies the applicability to the facts and circumstances at this time. Defendant demands strict proof thereof.

46. Denied; Defendant demands strict proof thereof.

47. Denied; Defendant demands strict proof thereof.

48. Denied that Plaintiff is entitled to any relief; Defendant demands strict proof thereof.

## COUNT III:  FLORIDA'S CONSUMER COLLECTION PRACTICES ACT
### Section 559.72(5) Fla. Stat.
*Defendant Inphynet South Broward*

49. Defendant re-asserts and incorporates the responses to the allegations contained in Paragraphs 1 through 31 by reference; as if fully re-stated herein.

50. The allegations contained in the paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response from this Defendant is necessary. To the extent that the allegations are asserted directly or indirectly against Defendant HRRG, the paragraph is denied.

51. The allegations contained in the paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response from this Defendant is necessary. To the extent that the allegations are asserted directly or indirectly against Defendant HRRG, the paragraph is denied.

52. The allegations contained in the paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response from this Defendant is necessary. To the extent that the allegations are asserted directly or indirectly against Defendant HRRG, the paragraph is denied.

53. The allegations contained in the paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response from this Defendant is necessary. To the extent that the allegations are asserted directly or indirectly against Defendant HRRG, the paragraph is denied.

54. The allegations contained in the paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response from this Defendant is necessary. To the extent

that the allegations are asserted directly or indirectly against Defendant HRRG, the paragraph is denied.

55. The allegations contained in the paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response from this Defendant is necessary. To the extent that the allegations are asserted directly or indirectly against Defendant HRRG, the paragraph is denied.

56. The allegations contained in the paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response from this Defendant is necessary. To the extent that the allegations are asserted directly or indirectly against Defendant HRRG, the paragraph is denied.

57. The allegations contained in the paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response from this Defendant is necessary. To the extent that the allegations are asserted directly or indirectly against Defendant HRRG, the paragraph is denied.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents or principals.

**Second Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the year statute of limitations under the Fair Debt Collection Practices Act ("FDCPA").

**Third Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to the Fair Debt Collection Practices Act, Section 1692k, since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an error.

**Fourth Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to Florida's Consumer Collection Practices Act, Section 559.77, since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an error.

**Fifth Affirmative Defense**

Defendant affirmatively alleges that Defendant lacks the requisite "actual knowledge" under Section 559.72(9) *Fla. Stat.*

**Sixth Affirmative Defense**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

**Seventh Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed two (2) years from the date of filing the Complaint, such claims or allegations are barred by the statute of limitations under Florida's Consumer Collection Practices Act ("FCCPA").

WHEREFORE, Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC, requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

Dated this **21st** day of **January, 2020.**

                                        Respectfully submitted,

                                        */s/ Rachel M. Ortiz*
                                        Ernest H. Kohlmyer, III, Esquire
                                        Florida Bar No.: 0110108
                                        skohlmyer@shepardfirm.com
                                        Rachel M. Ortiz, Esquire
                                        Florida Bar No. 083842
                                        rortiz@shepardfirm.com
                                        Shepard, Smith, Kohlmyer & Hand, P.A.
                                        2300 Maitland Center Parkway, Suite 100
                                        Maitland, Florida 32751
                                        Telephone (407) 622-1772
                                        Facsimile (407) 622-1884
                                        *Attorneys for Defendant,*
                                        *Healthcare Revenue Recovery Group, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **January 21, 2019** via the Court's CM/ECF service, which will provide notice to the following attorneys of record: Jibrael S. Hindi, Esq. and Thomas J. Patti, Esq. of The Law Offices of Jibrael S. Hindi at jibrael@jibraellaw.com and tom@jibraellaw.com; Paul A. Herman, Esq. of Consumer Advocates Law Group, PLLC at paul@consumeradvocatelaw.com; John P. Gaset of Nelson Mullins Broad and Cassel at john.gaset@nelsonmullins.com; and, Joel A. Brown, Esquire of The Fair Credit Law Group at joelb@fclawgroup.com *(Attorneys for Plaintiff)*.

*/s/ Rachel M. Ortiz*
Ernest H. Kohlmyer, III
Florida Bar No.: 0110108
skohlmyer@shepardfirm.com
Rachel M. Ortiz
Florida Bar No. 083842
rortiz@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant,*
*Healthcare Revenue Recovery Group, LLC*